UNITED DISTRICT COURT
DISTRICT OF MASSACHSETTS

| | |
|---|---|
| GEORGE NANIS,<br><br>       Plaintiff<br><br>V.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>       Defendant | CIVIL ACTION NO. 04-40200 |

## MOTION TO JOIN LINCOLN NATIONAL LIFE INSURANCE COMPANY AS A PARTY AND TO AMEND PLAINTIFF'S COMPLAINT

Pursuant to F.R.C.P. 15(a) and Rule 19(a) and the Scheduling Order in the above-referenced matter, the Plaintiff moves to amend his Complaint for the purposes of joining Lincoln National Life Insurance Company (ALincoln National@) as a party to the above-matter as well as to clarify within the Complaint, the rights and responsibilities of the parties to the action. As grounds for this Motion, the Plaintiff states the following:

(1)  This is the Plaintiff=s first time amending this Complaint;

(2)  Lincoln National is referred to in the body of the Complaint as the party responsible for issuing Mr. Nanis' long-term disability policy ("Policy"), but is not formally listed as a party in the caption of the Complaint;

(3)  Lincoln National issued Mr. Nanis' Policy to him in February 1991. (*See* Complaint, p.

6; Answer, p. 6.) There is no dispute that since the issuance of Mr. Nanis' Policy, Metropolitan Life Insurance Company ("MetLife") has assumed claims administration of the Policy. (*See* Complaint, p. 5, Answer, p. 5 ("MetLife admits that it is the claims administrator for a disability insurance policy, policy number: 15-6086664 (the "Policy"), issued by The Lincoln National Life Insurance Company.") However, the financial relationship between Lincoln National and MetLife is unclear at this time, and was not referenced in the Defendant's Answer to the Plaintiff's Complaint or its Initial Disclosures. For example, it is currently undetermined whether Lincoln National is the party ultimately responsible for the payment of Mr. Nanis' benefits under the Policy, or whether the payment of benefits is the responsibility of MetLife.

(4) The Plaintiff is moving to join Lincoln National in the event that current discussions between the parties regarding this matter reveal that Lincoln National's participation in this action is necessary to ensure complete relief.

(5) Pursuant to Rule 19(a), joinder of the Plan will not deprive the Court of subject matter jurisdiction over the matter;

(6) Pursuant to Rule 19(a)(1), if Lincoln National is responsible for paying necessary benefits under the Policy, complete relief cannot be accorded in this case without joinder of Lincoln National to this action; and

(7) The amendment will not prejudice the Defendant.

WHEREFORE, the Plaintiff requests that this motion be granted.

Dated: January 7, 2005                                  Respectfully submitted,
                                                        By his attorneys,


                                        /s/ Mala M. Rafik
                                        S. Stephen Rosenfeld
                                        BBO No. 428940
                                        Mala M. Rafik
                                        BBO No. 638075
                                        ROSENFELD & ASSOCIATES, P.C.
                                        44 School Street, Suite 715
                                        Boston, MA 02108
                                        (617) 723-7470

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for the Plaintiff indicates that prior to filing this motion, she contacted counsel for MetLife in an effort to discuss the contents of the motion and to attempt to narrow its scope. While counsel for both parties were unable to resolve the issues contained herein prior to filing this motion, they have agreed to continue the discussion on January 7, 2005.


                                        /s/ Mala M. Rafik
                                        Mala M. Rafik, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of January, 2005, one copy of the above document was delivered via electronic mail and first class mail, to:

                        James Ciapciak, Esq.
                        Ciapciak & Associates, P.C.
                        99 Access Road
                        Norwood, MA  02062


                                        /s/ Mala M. Rafik
                                        Mala M. Rafik, Esq.