UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

|  |  |
|---|---|
| GEORGE NANIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY & LINCOLN NATIONAL )<br>LIFE INSURANCE COMPANY, )<br>)<br>Defendants. )<br>_____) | C.A. NO.: 04-CV-40200-FDS |

**DEFENDANTS METROPOLITAN LIFE INSURANCE
COMPANY'S AND LINCOLN NATIONAL LIFE INSURANCE COMPANY'S
AMENDED ANSWER TO PLAINTIFF'S *AMENDED* COMPLAINT**

Now come Defendants, Metropolitan Life Insurance Company (hereinafter referred to as "MetLife") and Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln National"), and Answer the Amended Complaint of Plaintiff George Nanis (hereinafter referred to as "Nanis") as follows:

1.    As Paragraph 1 is introductory in nature, no answer is required by Defendants. To the extent that Paragraph 1 of Plaintiff's Amended Complaint may be interpreted to contain allegations that require an answer, MetLife and Lincoln National deny the allegations contained therein.[1]

---

[1] Further, the various subtitles used throughout Plaintiff's Amended Complaint have been adopted in this Amended Answer for purposes of convenience and reference only, and the use of such titles shall not be construed as an admission of any allegations that may be contained therein, if any. To extent such titles do or may contain any allegations, MetLife and Lincoln National denies such allegations.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint as stated. In further answer, Defendants state that the Policy at issue speaks for itself.

**PARTIES**

3. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in the first sentence of Paragraph 3 and therefore deny said allegations. MetLife and Lincoln National call upon Plaintiff to prove the same. MetLife and Lincoln National deny the remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4. MetLife admits it is an insurance company incorporated in the State of New York and that it is licensed to do business in the Commonwealth of Massachusetts. MetLife denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint. As Paragraph 4 makes no allegations regarding Lincoln National, no response from Lincoln National is required to Paragraph 4 of Plaintiff's Amended Complaint.

5. Lincoln National admits it is a corporation with its principal place of business in Fort Wayne, Indiana. Lincoln National denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint. As Paragraph 5 makes no allegations regarding MetLife, no response from MetLife is required to Paragraph 5 of Plaintiff's Amended Complaint.

6. MetLife and Lincoln National admit that MetLife is the Claims Administrator for a disability income insurance policy, policy number: 15-6086664 (the

"Policy"), issued by Lincoln National. Defendants deny all remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

### Insurance Entitlement; Definition of Disability; Length of Coverage

7.  Defendants admit that Lincoln National issued the policy to Plaintiff in February of 1991; that the Plaintiff was 33 years old at the time; and that the terms are set forth in the Policy, which speaks for itself. Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.  Defendants state that Mr. Nanis is not disabled under the terms and conditions of the Policy. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint as stated. In further answer, Defendants state that the Policy at issue speaks for itself.

9.  Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint. However, to the extent that any wrongdoing on the part of Defendants may be inferred from the statement in Paragraph 9, Defendants deny the allegations as stated and call upon Plaintiff to prove the same.

10. Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint. However, to the extent that any wrongdoing on the part of Defendants may be inferred from the statement in Paragraph 10, Defendants deny the allegations as stated and call upon Plaintiff to prove the same.

11. MetLife and Lincoln National deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint as stated. MetLife states that the Policy at issue speaks for itself.

12. MetLife and Lincoln National deny the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint as stated. MetLife states that the Policy at issue speaks for itself.

13. MetLife and Lincoln National deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint. MetLife states that the Policy at issue speaks for itself.

14. MetLife and Lincoln National deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. MetLife and Lincoln National deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

**Mr. Nanis' Claim**

16. MetLife and Lincoln National deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and call upon Plaintiff to prove the same.

**Mr. Nanis' Business – The Submarina**

17. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint as stated. To the extent that any breach of contract or other wrongdoing is alleged in Paragraph 16 of Plaintiff's Complaint, those allegations are denied.

18. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint. To the extent that any breach of contract or other wrongdoing is alleged in Paragraph 18 of Plaintiff's Amended Complaint, those allegations are denied.

19. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint. To the extent that any breach of contract or other wrongdoing is alleged in Paragraph 19 of Plaintiff's Amended Complaint, those allegations are denied.

20. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint. To the extent that any breach of contract or other wrongdoing is alleged in Paragraph 20 of Plaintiff's Amended Complaint, those allegations are denied.

21. MetLife and Lincoln National deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint as stated and call upon Plaintiff to prove the same.

22. MetLife and Lincoln National deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

**Onset of Mr. Nanis' Illness and Subsequent Disability**

23. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint. MetLife and Lincoln National deny that the pain became intolerable and affected the Plaintiff's ability to work at Submarina.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint as stated. In further answer, Defendants state that the Policy at issue speaks for itself.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint as stated.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

**Exacerbation of Symptoms Due to Continued Work:**

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint as stated.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint as stated

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint as stated.

**Mr. Nanis' Application for Benefits Under His MetLife Individual Policy**

31. MetLife and Lincoln National admit that Plaintiff submitted a written claim for disability benefits under the Policy at issue. MetLife and Lincoln National state that the claim forms speak for themselves.

32. MetLife and Lincoln National admit Plaintiff submitted a written claim for disability benefits under the Policy at issue. MetLife and Lincoln National state that the claim forms, including any supporting documents, speak for themselves.

33. MetLife and Lincoln National admit Plaintiff submitted a written claim for disability benefits under the Policy at issue. MetLife and Lincoln National state that the claim forms, including any supporting documents, speak for themselves.

34. MetLife and Lincoln National admit that Mr. Nanis admitted that he was still working when contacted by MetLife and Lincoln National.

35. MetLife and Lincoln National admit that it corresponded with the Plaintiff. MetLife and Lincoln National state that the letter to which Plaintiff refers speaks for itself.

36. MetLife and Lincoln National admit that it corresponded with Plaintiff. MetLife and Lincoln National state that the letter to which Plaintiff refers speaks for itself.

37. MetLife and Lincoln National admit that Plaintiff submitted some documents to MetLife. MetLife and Lincoln National state that the documents speak for themselves.

**MetLife's Denial of Mr. Nanis' Claim for LTD Benefits:**

38. MetLife and Lincoln National admit that Plaintiff's claim for disability benefits under the terms and condition of the Policy was denied. MetLife and Lincoln National state that any denial letters speak for themselves.

39. MetLife and Lincoln National deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

**Mr. Nanis' Appeal of MetLife's Denial; Request for Claim File**

40. MetLife and Lincoln National lack knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 40 of Plaintiff's

Amended Complaint. However, to the extent the allegations in Paragraph 40 may be read to imply wrongdoing on the part of MetLife and Lincoln National, these allegations are denied.

41. MetLife and Lincoln National admit receiving correspondence from Plaintiff's counsel. MetLife and Lincoln National state that said correspondence speaks for itself.

42. MetLife admits corresponding with Plaintiff's counsel. MetLife and Lincoln National state that any correspondence sent to Plaintiff's counsel speaks for itself.

43. MetLife admits corresponding with Plaintiff's counsel. MetLife and Lincoln National state that any correspondence sent to Plaintiff's counsel speaks for itself.

44. MetLife admits corresponding with Plaintiff's counsel. MetLife and Lincoln National state that any correspondence sent to Plaintiff's counsel speaks for itself.

45. MetLife admits corresponding with Plaintiff's counsel. MetLife and Lincoln National state that any correspondence sent to Plaintiff's counsel speaks for itself.

### 93A Demand Letter

46. MetLife and Lincoln National deny the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint as stated. Defendants admit Plaintiff sent letters. MetLife and Lincoln National state that the correspondence speaks for itself.

47. MetLife and Lincoln National deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint as stated. MetLife and Lincoln National state that the correspondence speaks for itself.

48. MetLife and Lincoln National deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint as stated. MetLife and Lincoln National state that the correspondence speaks for itself.

49. MetLife and Lincoln National deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint as stated. MetLife and Lincoln National state that the correspondence speaks for itself.

50. MetLife and Lincoln National deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint as stated. MetLife and Lincoln National state that the correspondence speaks for itself.

51. MetLife and Lincoln National deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

**Damages**

52. MetLife and Lincoln National deny the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. MetLife and Lincoln National deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint as stated.

54. MetLife and Lincoln National deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

## FIRST CAUSE OF ACTION

### (Violation of M.G.L. c. 93A sec. 2 & 9)

55. MetLife and Lincoln National incorporate by reference their Answers to Paragraphs 1 through 54 of Plaintiff's Amended Complaint as if fully restated herein.

56. Paragraph 56 of Plaintiff's Amended Complaint is a statement of Plaintiff's claim to which no response is required. To the extent that the allegations contained in Paragraph 56 can be read to imply wrongdoing on the part of MetLife and Lincoln National, those allegations are expressly denied.

57. Paragraph 57 of Plaintiff's Amended Complaint is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 57 can be read to imply wrongdoing on the part of MetLife and Lincoln National, those allegations are expressly denied.

58. MetLife and Lincoln National deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59. MetLife and Lincoln National deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. MetLife and Lincoln National deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. MetLife and Lincoln National deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. MetLife and Lincoln National deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. MetLife and Lincoln National deny the allegations contained in

Paragraph 63 of Plaintiff's Amended Complaint.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

63.     MetLife and Lincoln National incorporate by reference their answers to Paragraphs 1 through 63 of Plaintiff's Amended Complaint as if fully set forth herein.

64.     Paragraph 65 of Plaintiff's Amended Complaint is a statement of Plaintiff's claim to which no response is required. To the extent that the allegations contained in Paragraph 65 can be read to imply wrongdoing on the part of MetLife and Lincoln National, those allegations are expressly denied.

65.     MetLife and Lincoln National deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint as stated.

66.     MetLife and Lincoln National deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint as stated.

67.     MetLife and Lincoln National deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and call upon Plaintiff to prove the same.

68.     MetLife and Lincoln National deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

69.     MetLife and Lincoln National deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

## THIRD CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

70. MetLife and Lincoln National incorporate by reference their answers to Paragraphs 1 through 70 of Plaintiff's Amended Complaint as if fully set forth herein.

71. MetLife and Lincoln National deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

72. MetLife and Lincoln National deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

*WHEREFORE*, MetLife and Lincoln National request that this Honorable Court dismiss the Plaintiff's Amended Complaint with prejudice, award Defendants their costs and attorneys' fees, and grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy certain conditions precedent and subsequent required to maintain an action for benefits under the Policy.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed because he failed to demonstrate his eligibility for disability benefits under the terms and conditions of the Policy at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for disability benefits are barred by the plain and unambiguous terms of the Policy at issue.

### FOURTH AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Amended Complaint are wholly unsubstantial, frivolous and not advanced against Defendants in good faith, and Defendants are, therefore, entitled to recover reasonable attorney's fees, costs and expenses incurred in the defense of these allegations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Third Cause of Action fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants owe no duty to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were wholly or predominantly caused by his own conduct and, therefore, Plaintiff is barred from any recovery in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to identify any conduct on the part of Defendants that is prohibited by statute, common law, or agreement of the parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming tort damages as set forth in his Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to demand all or any portion of the claimed damages

from Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the notice provisions of General Laws c. 93A, which have not been waived, and therefore all such claims in the Amended Complaint should be dismissed.

Defendants,

Metropolitan Life Insurance Company,
Lincoln National Life Insurance Company,

By Their Attorneys,

_____
James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
Tel: (781) 255-7401
Fax: (781) 255-7402

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on February 17, 2005.

_____
James J. Ciapciak

14